Isabel Vázquez de McCormick, Plaintiff and Appellant, v. Miguel Angel Gutiérrez Guevara, etc., Defendant and Appellee.

No. 6675. Argued June 16, 1937.—Decided July 31, 1937.

164

C. *Domínguez Rubio* and T. *Bernardini de la Huerta* for appellant.
Luis F. *Camacho* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Isabel Vázquez, widow of McCormick, brought this action for the recovery of a certain property (sold as the result of a summary foreclosure proceeding) and for other relief, on the theory that the foreclosure proceeding was an absolute nullity. The district judge sustained a demurrer for want of facts sufficient to constitute a cause of action and, after overruling a motion for reconsideration, dismissed the action.

The foreclosure proceeding was instituted in the District Court of Guayama where the property was situated. The mortgagor resided in Arecibo. The demand for payment was served on the mortgagor in Arecibo and on one Manzano Aviñó, described by the marshal in his return, as the tenant or lessee and representative in charge of the mortgaged property.

The mortgagee then obtained leave to amend his petition and asked that a new demand for payment be made both on the mortgage debtor in person at her residence in Arecibo and through the person who might be found in charge of the

mortgaged property in any legal capacity. The new demand for payment was served on Manzano Aviñó. Plaintiff herein now alleges that Manzano Aviñó was not her tenant, lessee or attorney in fact and that there was no service by publication. See *Ruiz de Lókpez* v. *District Court,* 42 P.R.R. 278 and *Oller* v. *Cadierno,* 49 P.R.R. 852.

In the absence of any averment to the effect that the new demand for payment was not served on the mortgage debtor in Arecibo, as requested in the amended petition and as ordered by the district judge, or that such service was defective, the alleged omission of service by publication was not a jurisdictional defect. For the same reason we need not consider alleged defects in the service of the new demand for payment as made on Manzano. For the same or similar reasons we need not consider alleged defects in the previous service of the original demand for payment as made on Manzano, and an alleged defect in the return of the marshal of Arecibo as to the service of the original demand for payment on the mortgage debtor.

█ We have not overlooked the fact that in the original complaint plaintiff herein did allege that the amended petition was not served on the mortgage debtor in Arecibo. In passing upon a demurrer to the amended complaint, however, this averment must be deemed to have been abandoned. In this connection we can consider only the amended complaint. 1 Bancroft's Code Pleading, 812, section 562.

█ The original petition in the foreclosure proceeding was filed October 13, 1932. It was accompanied by a registrar's certificate dated October 10th. The amended petition in the foreclosure proceeding was filed November 21, 1932. On the same day the district judge authorized the issuance of a new demand for payment and ordered service thereof on the mortgage debtor. This order was based on the registrar's certificate dated October 10th. Appellant now says that the foreclosure proceeding was void for want of jurisdiction because the amended petition, filed November 21st,

was not accompanied by a registrar's certificate dated within fifteen days prior to November 21st, as required by article 169 of the Regulations for the enforcement of the Mortgage Law.

Section 128 of the Mortgage Law outlines the procedure preliminary to the sale of mortgaged property. Section 129 provides that:

"If before the creditor shall enforce his claim against the estate mortgaged, the property should pase into the hands of a third possessor, all proceedings prescribed in the foregoing · article shall be directed against him, as the person subrogated to the rights of the debtor."

Section 169 of the Regulations requires that the petition in a foreclosure proceeding shall be accompanied by a certificate of a date subsequent to that of the maturity of the obligation, setting forth among other things "the records of the conveyance of the estates to third persons." It further provides that: "This certificate must bear a date not more than fifteen days prior to the filing of the complaint." Section 170 reads in part as follows:

"The judge shall examine the petition and the documents supporting it, and if he shall hold that the requirements of the law have been complied with, he shall make an order, without further proceedings, summoning the persons who, according to the certificate of the registrar, are in possession of the mortgaged property, whether it is in the hands of the debtor, or whether it has been transferred to a third person in whole or in part, in order that they may make payment of the amount claimed, within a period of 30 days, with the costs, if the latter should also be secured by the mortgage; warning them that upon their failure to do so the property mortgaged will be sold at auction."

This order is in the nature of a judgment by confession without antecedent process. *Perales* v. *District Court,* 43 P.R.R. 865, and *P. R. Leaf Tobacco Co.* v. *Aldrey,* 13 P.R.R. 228, 233. An amendment after judgment, if allowed, in furtherance of justice under Section 140 of the Code of Civil

Procedure, involves a vacating of the judgment. 1 Bancroft's Code Pleading 782, Section 541; 49 C. J. 483, Section 623.

In *Arroyo* v. *Zavala,* 40 P.R.R. 257, 259, this Court said:

"Foresight is a distinct feature of our Mortgage Law. It would be almost extraordinary if the law permitted a gap to exist, which, in a proceeding where perhaps some principles are sacrificed for the sake of expediency and certainty in the enforcement of mortgage cridits, would be the source of a multiplicity of suits."

Neither the Mortgage Law nor the Regulations, however, make any express provision for amendment of the petition. If there be any implied authority for such amendment it must be found in the final paragraph of Section 176 of the Regulations which provides that:

"The provisions of the Law of Civil Procedure in force in Cuba, Porto Rico and the Philippines, shall be applicable to these proceedings as supplementary, in so far as they are not in conflict with the provisions of the Mortgage Law and these regulations."

The Law of Civil Procedure referred to in Section 176 of the Regulations, has, of course, been superseded by our present Code of Civil Procedure. We shall not now stop to consider without the aid of counsel the possibility that some provisions of the former code might be deemed to have continued in force as supplementary to the Mortgage Law and its Regulations.

The service of an amended petition upon the mortgage debtor in the manner contemplated by the Code of Civil Procedure would amount to a manifest absurdity. There is no "defendant" within the meaning of that term as used in the Code of Civil Procedure upon whom such service could be made. The mortgage debtor, if served with an amended petition, could neither answer nor demur to the same.

It is familiar law that an amended complaint supersedes the original for all purposes subject to two or more well recognized exceptions. The allowance of an amendment after service of the demand for payment in a summary foreclosure

proceeding necessarily involves the making of a new order authorizing the issuance of a new demand for payment and the service of this second demand for payment on the mortgage debtor. Aside from any question as to whether the proceeding is barred by the statute of limitations or as to whether the amended petition sets up a new and independent cause of action or as to the effect of the amendment upon a preexisting attachment or notice of *lis pendens,* the filing of the amended petition is practically a recommencement of the proceeding. In the instant case the petitioner in the summary foreclosure proceeding had stated as his reason for requesting leave to amend that without amendment of his petition the forecolsure proceeding would be a nullity.

It is the plain purpose of the Mortgage Law and of the Regulations that the demand for payment shall be made upon the record owner of the property at the time of such demand or at least at the time of the issuance of the registrar's certificate which must be dated not more than fifteen days before the filing of the petition. If the filing of a registrar's certificate, dated not more than fifteen days before the filing of the original petition, is a jurisdictional prerequisite to the making of an order for the issuance of a demand for payment, there is much force in the argument that, in the event of an amended petition, a new registrar's certificate, dated not more than fifteen days before the filing of the amended petition, is likewise a jurisdictional prerequisite to the making of a new order for the issuance of a second demand for payment.

Plaintiff herein does not allege that the mortgage debtor upon whom the second demand for payment was presumably made had ceased to be the record owner of the mortgaged property. In view of the conclusion reached as to another aspect of the case, we need not now determine whether or not the summary foreclosure proceeding was an absolute nullity for want of a second registrar's certificate, irrespective of any question as to actual change in the registry of prop-

erty subsequent to the date of the first certificate and before before the filing of the amended petition. Our present purpose is to call the attention of the bar and of the district courts to the importance of this matter and to what is, we think, decidedly the better practice.

Ordinary prudence should prompt a foreclosing mortgagee, who finds it necessary to amend his petition after expiration of the fifteen-day period, to present a new certificate with his amended petition. Ordinarily the district judge should require this for the protection of prospective purchasers as well as for the protection of record owners or encumbrancers. If such owners and encumbrancers have no notice of the proceeding they are not bound thereby. *Montes de Oca* v. *Báez et al.*, 23 P.R.R. 656.

██ Another contention is that the foreclosure sale was void: because the successful bidder did not deposit the amount of his bid; because any error in the certificate of sale could not be cured at the instance of the marshal who was not a party to the proceeding; because the marshal did not affix to his motion an internal revenue stamp; because the new certificate changed the name of the purchaser to the prejudice of The People of Puerto Rico in its revenues.

In his original certificate the marshal had stated that the sole bidder was the plaintiff, Santos Gutiérrez, as the father in the exercise of the *patria potestas* over his minor son, Miguel Angel Gutiérrez Guevara, and offered the sum of $1,000 to be credited on the amount due. Seventeen days after the execution of the deed, the marshal asked for leave to amend his certificate so as to show more clearly that the property had been awarded to the son represented by the father. The change was not the substitution of the name of one purchaser for that of another. It was a mere clarification of the phraseology of the original certificate. The sale was not invalidated by the fact that the amendment was made at the instance of the marshal. The amount of the bid being credited on the amount of the indebtedness there

was not need of a deposit. The question as to the effect of the marshal's failure to affix a revenue stamp to his motion is not discussed by appellant in her brief and need not be discussed here.

Another alleged ground of nullity is that neither the petition in the foreclosure proceeding nor the copy of the mortgage attached thereto was accompanied by any evidence of judicial authorization for the loan by the father of money belonging to his minor child. A sufficient answer to that contention may be found in Section 1254 of the Civil Code (1930 ed.). "Persons with capacity cannot . . . allege the incapacity of those with whom they contracted." There may be more merit in the somewhat similar contention to the effect that there was no judicial authorization for the institution of the foreclosure proceeding. See subdivision 13 of Section 212 of the Civil Code (1930 ed.). But see also *Dávila* v. *P. R. Ry. Light & Power Co.*, 44 P.R.R. 923; *Lezcano* v. *Heirs of Sifonte*, 42 P.R.R. 387; *Cibes* v. *Santos*, 22 P.R.R. 208. In view of the choice of procedure in the matter of mortgage foreclosure, however, and in view of the fact that the summary proceeding may prove to be a boomerang in the hands of a slovenly pleader, we venture to suggest that the safer course in the case of a minor mortgagee, is to obtain judicial authorization for the institution of such a proceeding.

Plaintiff also alleged that the foreclosure proceeding was void or voidable because, although the mortgage provided for interest at the rate of 12% per annum and the mortgage debtor had been paying at that rate from the date of the mortgage, the mortgagee in June 1931, increased the rate to $12.50 a month which the mortgage debtor paid from July of that year and when she requested a reduction to the legal rate of $10.00 the mortgagee refused and instituted the foreclosure proceeding. Here the date of a certain payment, credited by the mortgagee on the principal of the mortgage, becomes important. If, as appears by implication from the

averment and from other facts infra, it was made before the increase in the rate of interest, that increase was unquestionably usurious. The question as to the effect of this usurious transaction on the validity of the summary foreclosure proceeding has not been adequately developed in the briefs and as the order and judgment of the district court must be reversed for another reason, we shall not undertake an independent investigation of this aspect of the case.

From the complaint herein it appears that the mortgage was constituted for a term of eleven months and thirteen days to secure the payment of $1,041.00 principal and "the amount of interest thereon for the term of the contract" at the rate of 12% per annum payable monthly. It further appears that after the filing of the amended petition in the foreclosure proceeding the district court ordered the issuance of a demand for payment (a) of $1,000 as balance due on the principal, because the mortgage debtor had paid $41 on account thereon and (b) of $10 as interest due and owing as the last monthly instalment for October 1932, because the mortgage debtor had paid $120 interest corresponding to the year for which the mortgage was constituted and $960 as interest after default (intereses de mora) by agreement between the parties. Obviously, the $10 interest for October 1932 was not covered by the mortgage and because of the inclusion of the item in the order directing the issuance of a demand for payment, the foreclosure proceeding was a nullity. *Santos v. Crédito y Ahorro Ponceño,* 41 P.R.R. 934; *Martorell v. Crédito y Ahorro Ponceño,* 42 P.R.R. 632.

The order of the district court sustaining the demurrer and the judgment of dismissal must be reversed. The demurrer for want of facts sufficient to constitute a cause of action will be overruled and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Wolf dissented.

Mr. Justice Córdova Dávila took no part in the decision of this case.

### Dissenting Opinion of Mr. Justice Wolf.

The majority opinion says:

"From the complaint herein it appears that the mortgage was constituted for a term of eleven months and thirteen days to secure the payment of $1,041 principal and 'the amount of interest thereon for the term of the contract' at the rate of 12% per annum payable monthly. It further appears that after the filing of the amended petition in the foreclosure proceeding the district court ordered the issuance of a demand for payment (*a*) of $1,000 as balance due on the principal, because the mortgage debtor had paid $41 on account thereon and (*b*) of $10 as interest due and owing as the last monthly instalment for October 1932, because the mortgage debtor had paid $120 interest corrresponding to the year for which the mortgage was constituted and $960 as interest after default (*intereses de mora*) by agreement between the parties. Obviously, the $10 interest for October 1932 was not covered by the mortgage and because of the inclusion of the item in the order directing the issuance of a demand for payment, the foreclosure proceeding was a nullity. *Santos* v. *Crédito y Ahorro Ponceño*, 41 P.R.R. 934; *Mortorell* v. *Crédito y Ahorro Ponceño*, 42 P.R.R. 632."

The complaint, which was for nullity, states that the mortgage deed acknowledged that the debtor owed the minor Miguel Angel Gutiérrez Guevara, represented by his father, Santos Gutiérrez, "the sum of $1,041.00 which had been loaned to him and which he had promised to return within a period (*término*) of 11 months and 13 days from the date of the execution of the deed and to pay interest at the rate of 12% annually, payable at the end of each month to the minor by way of his father Santos Gutiérrez, and for the security of which, as well as of the amount of interest for the term (*término*) of the contract and $300 which were agreed upon for costs and attorney's fees in case of foreclosure or litigation . . . ", and that when the mortgage was foreclosed, the creditor claimed $1,000 capital and $10 interest. Because the $10 corresponded to interest which had become due after the "11 months 13 days" had elapsed and thus, according to this court, was not covered by the

mortgage, the order of the lower court was reversed and the original foreclosure proceeding pronounced null and void.

In my opinion the words "which he promised to return within the period (*término*) of 11 months and 13 days" clearly fixed the maturity of the mortgage only. The word term (*término*) as used there is a limitation on the right to proceed under the mortgage, but does not necessarily limit the existence of the contract rights unless such an intention otherwise appears in the mortgage deed.

However, later in the complaint the following words as copied above were used: " . . . for the security of which, as well as of the amount of interest *for the term* (*término*) *of the contract* . . . he executed a mortgage in favor . . . " The word "*término*" as used herein I apprehend has not necessarily or actually the same meaning as the word "*término*" used in the earlier part of the paragraph of the complaint. This last mention of "*término*" refers to the whole existence of the contract before and after the maturity of the mortgage.

A mortgage contract, which is a subsidiary one, is given to secure the performance of a principal obligation. I maintain that the principal obligation before us was the debt and its ultimate payment. The obligation to pay interest after maturity was just as much a part of the contract as any other part of it.

I do not find that the attempt to collect the $10 extra could be considered usurious.

The order appealed from should have been affirmed.